IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN –
MILWAUKEE DIVISION

JEAN SMITH, EMILY METZ, and
MARSHA PETERSON, individually
and on behalf of all others
similarly situated,

        Plaintiffs,

        CASE NO. 17-CV-428

v.

ROOSEVELT CAPITAL LLC d/b/a
PROMOTIONS UNLIMITED, IRA
GREENBERG, LORRAINE GREENBERG,
ELLEN PHELPS, and DEBBIE SCOTT,

        Defendants.

## FIRST COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought to remedy wage theft in violation of the Fair Labor Standards Act, 29 U.S.C. § *201 et seq.* ("FLSA"); the Wisconsin Minimum Wage Law, Wis. Stat. § 104 *et. seq.* ("WMWL"); and the Wisconsin Wage Payments, Claims and Collections Law, Wis. Stat. § 109.01 *et. seq.* ("the WWPCC").

2. Plaintiffs are former employees of Roosevelt Capital LLC d/b/a Promotions Unlimited ("Promotions"), which permanently ceased operating—with no notice to employees—on January 27, 2017. Plaintiffs, and other similarly situated workers, were terminated from their employment without being paid for their final workweeks, accrued vacation pay, or earned commissions. Additionally,

Promotions clawed back payments for the pay period of January 8 through January 21, 2017 that had already been direct deposited in Plaintiffs bank accounts.

3. Plaintiffs' federal claims are filed as a collective action under section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiffs' state law claims are filed as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3). Representative Plaintiffs Jean Smith, Emily Metz, and Marsha Peterson seek to represent a class of employees terminated from Promotions on January 27, 2017 and who are owed unpaid wages.

4. As a remedy, Plaintiffs, on their own behalf and on behalf of the putative class, seek their unpaid wages, salaries, and commissions; liquidated damages under the FLSA; civil penalties under state law; reasonable attorneys' fees and litigation costs and expenses; and other relief as the Court deems just.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367, because they are so related to the federal claims as to form part of the same Article III case.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because: (a) a substantial part of the events or omissions giving rise to the claims occurred in this district, and (b) one or more Defendant resides in this district.

## PARTIES

8. Defendant Roosevelt Capital, LLC, doing business as Promotions Unlimited, is a Wisconsin Limited Liability Company with a principal place of business located in Mount Pleasant. At all times relevant, Defendant Promotions was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(1)(A); the WMWL, Wis. Stat. § 104.01(3); and the WWPCC, Wis. Stat. § 109.01(2).

9. At all times relevant, Defendant Promotions was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. Defendant's registered agent for service of process in the State of Wisconsin is Lorraine Greenberg of Long Grove, Illinois.

11. Defendant Lorraine Greenberg is and, on information and belief, was at all times relevant, the managing member of Promotions and responsible for its day-to-day business operations, including the hiring and firing of employees. Defendant Greenberg signed the letter to terminated employees on February 1, 2017, informing them that all positions had been eliminated.

12. On information and belief, Defendant Ira Greenberg is and was, at all times relevant, an owner of Promotions and responsible for day-to-day business operations, including decisions related to the hiring and firing of employees and the terms and conditions of their employment.

13. Defendant Debbie Scott is, and on information and belief, was at all times relevant the treasurer of Promotions and responsible for day-to-day business operations including decisions related to employee wages and payroll.

14. Defendant Ellen Phelps is and, on information and belief, was at all times relevant the vice-president of Promotions and responsible for day-to-day business operations including the hiring of employees and setting the terms and conditions of their employment.

15. Defendants Lorraine Greenberg, Ira Greenberg, Debbie Scott, and Ellen Phelps (collectively, the "Individual Defendants") were each an "employer" of Plaintiffs and putative class members within the meaning of 29 U.S.C. § 203, Wis. Stat. 104.01(3), and Wis. Stat. § 109.01(2).

16. Plaintiff Jean Smith is an individual who resides in Mount Pleasant, in the State of Wisconsin. From in or around May 1998 until January 27, 2017, Plaintiff Smith was a "employee" of Promotions within the meaning of 29 U.S.C. § 203(e), Wis. Stat. 104.01(2), and Wis. Stat. § 109.01(1r). Plaintiff Smith's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A and is hereby made a part of this Complaint.

17. Plaintiff Emily Metz is an individual who resides in Racine, in the State of Wisconsin. From in or around May 2014 until January 27, 2017, Plaintiff Metz was an "employee" of Promotions within the meaning of 29 U.S.C. § 203(e), Wis. Stat. 104.01(2), and Wis. Stat. § 109.01(1r). Plaintiff Metz's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit B and is hereby made a part of this Complaint.

18. Plaintiff Marsha Peterson is an individual who resides in Union Grove, in the State of Wisconsin. From in or around December 5, 1988 until January 27,

2017, Plaintiff Peterson was an "employee" of Promotions within the meaning of 29 U.S.C. § 203(e), Wis. Stat. 104.01(2), and Wis. Stat. § 109.01(1r). Plaintiff Peterson's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit C and is hereby made a part of this Complaint.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

19. Plaintiffs' FLSA claims are brought on behalf of themselves and similarly situated employees, defined as: employees of Promotions Unlimited who were terminated on January 27, 2016 and are owed unpaid minimum wages (collectively the "FLSA Class").

20. Plaintiffs and the FLSA Class have been similarly subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing to pay employees federal minimum wages. The claims of Plaintiffs stated herein are the same as or similar to those of the FLSA Class they seek to represent.

21. Plaintiffs and the FLSA Class seek relief on a collective basis and challenge Defendants' actions, as stated herein, which have led to FLSA minimum wage violations.

22. As a result of the herein alleged actions, Defendants failed to pay Plaintiffs and the FLSA Class the federal minimum wage for all hours worked in workweeks from January 8 through January 27 in violation of the FLSA.

23. The FLSA Class is readily ascertainable. For purposes of notice and other reasons related to this action, their names, phone numbers, and addresses are

readily available from Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wage compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN STATE LAW CLAIMS

24. Plaintiffs bring their Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, and Fed. R. Civ. P. 23(a) and (b)(3), on behalf of the Wisconsin Class for failure to pay the minimum wage, salaries, commissions, and holiday and vacation pay.

25. The Wisconsin Class is defined as: all employees of Promotions Unlimited who were terminated on January 27, 2016 and are owed unpaid wages, including salaries, commissions, or accrued holiday and vacation pay.

26. The proposed Wisconsin Class members are so numerous that joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 77 members of the Wisconsin Class.

27. Representative Plaintiffs' claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims of Plaintiffs and the putative class members arise out of

the same company-wide practices and/or policies of Defendants; and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiffs and the other members of the Wisconsin Class sustained similar losses, injuries, and damages from the same unlawful policies, practices, and procedures.

28. Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Class, have no interests antagonistic to the Wisconsin Class, and have retained Counsel experienced in complex wage and hour litigation including Fed. R. Civ. P. 23 class actions.

29. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following:

   a) Whether Defendants failed to pay Plaintiffs and the Wisconsin Class members minimum wages required by Wisconsin law for the two-week pay period of January 8 through January 21, 2017;

   b) Whether Defendants failed to pay Plaintiffs and the Wisconsin Class members minimum and agreed upon wages required by Wisconsin law for work performed during their last week of employment, from January 22 through January 27, 2017;

   c) Whether Defendants failed to compensate Plaintiffs and the Wisconsin Class members for their agreed upon wages, salaries, commissions, and accrued holiday and vacation pay following the termination of their employment.

30. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and

hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims. The risks are even more acute in this action, where issues are likely to arise concerning the corporate defendant's solvency, potential bankruptcy, and collections.

31. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

32. Hereinafter, the FLSA Class and the Wisconsin Class will be collectively referred to as the "Classes."

## FACTUAL ALLEGATIONS

33. Until it ceased operations on January 27, 2017, Defendant Promotions, under the direction and control of the Individual Defendants, sold wholesale products and advertising circulars to stores owned and operated throughout the United States, from headquarters in Mount Pleasant, Wisconsin.

34. As of January 27, 2017, Defendants employed a total of approximately 77 employees in the warehouse and corporate offices.

35. At all times relevant, and until their termination on January 27, 2017, Defendants employed Representative Plaintiffs and the Classes in various positions, either in the warehouse or corporate offices, in Mount Pleasant.

36. At all times relevant, Defendants used Paylocity to process and pay Representative Plaintiffs' and the Classes' compensation.

37. Defendants paid Representative Plaintiffs and the Classes bi-weekly.

38. On Friday, January 27, 2017, Defendants announced to Representative Plaintiffs and the Classes that they were being terminated, effective immediately.

39. On Tuesday, January 31, 2017, Defendants sent email to Representative Plaintiffs and the Classes, attaching a letter reiterating that Promotions was "permanently closing its operations and facilities," resulting in the elimination of all 77 positions. The letter further states, "Paylocity has advised us that they are reversing direct deposits from last week," referring to the compensation paid on January 27, for the payroll period January 8 through January 21, 2017.

40. On information and belief, at least some members of the Classes were unable to close their financial accounts in order to prevent the reversal of their wage payments for the payroll period January 8 to January 21, 2017, resulting in the non-payment of minimum wages and other compensation.

41. In addition, none of the Representative Plaintiffs and no member of the Classes received compensation for work performed during their final week of work, from January 22 to January 27, 2017.

42. In addition, after the termination of Representative Plaintiffs' and the Classes' employment, Defendants failed to pay them accrued holiday and vacation pay and earned commissions.

43. Consequently, Defendants failed to pay Plaintiffs and the Classes mandated minimum wages under federal and state law, as well as accrued holiday and vacation pay, salaries and commissions.

44. Defendants' conduct was willful, dilatory, and unjust, and has caused significant damages to Plaintiffs and the Classes.

## FIRST CLAIM FOR RELIEF

### Violations of the Fair Labor Standards Act of 1938, as Amended

45. Plaintiffs reassert and incorporate by reference the paragraphs set forth above, as if fully restated herein.

46. At all times relevant, Representative Plaintiffs and the FLSA Class were entitled to the payment of minimum wages under the FLSA, 29 U.S.C. § 206.

47. By failing to compensate Plaintiffs and the FLSA Class at the federally-mandated minimum wage for all hours worked, Defendants violated 29 U.S.C. § 206.

48. Plaintiffs and the FLSA Class are entitled to damages for Defendants' violations of 29 U.S.C. § 206 in the amount of their unpaid minimum wages.

49. In addition, Plaintiffs and the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to their unpaid minimum wages, pursuant to 29 U.S.C. § 216(b).

50. Alternatively, in the event the Court determines that Plaintiffs and the FLSA Class are not entitled to liquidated damages, they are entitled to an award of pre-judgment interest at the applicable rate.

51. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and the FLSA Class are also entitled to recover their reasonable attorneys' fees, costs and expenses incurred prosecuting their FLSA claims.

## SECOND CLAIM FOR RELIEF

### Violations of the Wisconsin Wage and Hour Laws

52. Plaintiffs reassert and incorporate by reference the paragraphs set forth above, as if fully restated herein.

53. At all times relevant, Plaintiffs and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

54. At all times relevant, Plaintiffs and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

55. At all times relevant, Plaintiffs and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

56. At all times relevant, Plaintiffs and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

57. At all times relevant, Plaintiffs and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

58. At all times relevant, each Defendant was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

59. At all times relevant, each Defendant was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

60. At all times relevant, Defendants were employers within the meaning of Wis. Stat. §§ 104.01 *et seq.*

61. At all times relevant, each Defendant was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

62. At all times relevant, each Defendant was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

63. At all times relevant, Defendants employed Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

64. At all times relevant, Defendants employed Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

65. At all times relevant, Defendants employed Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

66. At all times relevant, Defendants employed Plaintiffs and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

67. At all times relevant, Defendants employed Plaintiffs and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

68. At all times relevant, Defendants willfully failed to pay Plaintiffs and the Wisconsin Class all minimum wages owed pursuant to Wisconsin law.

69. At all times relevant, Defendants failed to meet the prerequisites necessary to pay less than minimum wage.

70. Wis. Stat. § 109.03(4) requires that when an employee is separated from the payroll of an employer as a result of "disposing of the business, ceasing

business operations in whole or in part," the employer shall pay all unpaid wages to the employee at the usual place of payment within 24 hours of the time of separation.

71. Defendants failed to pay Plaintiffs and the Wisconsin Class their agreed upon wages, salaries, commissions, and accrued holiday and vacation pay as defined under Wis. Stat. § 109.01(3).

72. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin law requiring the payment of minimum wages.

73. As a consequence of Defendants' violations, Plaintiffs and the Wisconsin Class have sustained losses in their compensation.

74. Representative Plaintiffs, individually and on behalf of the Wisconsin Class, seek damages in the amount of their respective unpaid compensation.

75. In addition, under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

76. Representative Plaintiffs and the Wisconsin Class are also entitled to, reasonable attorneys' fees and the costs and expenses of this action to be paid by Defendants, pursuant to the Wis. Stat. § 109.03(6).

## THIRD CLAIM FOR RELIEF

### Conversion

77. Plaintiffs reassert and incorporate by reference the paragraphs set forth above, as if fully restated herein.

78. Representative Plaintiffs and the Wisconsin Class had a continuing legal right to the possession of wages and other compensation paid to them for the pay period January 8 to January 21, 2017.

79. On information and belief, Defendants directed Paylocity to take and control wages and other compensation paid to Representative Plaintiffs and the Wisconsin Class by reversing deposits made on January 27, 2017.

80. Alternatively, if Defendants did not direct Paylocity to take and control wages and other compensation paid to Representative Plaintiffs and the Wisconsin Class, then they aided and abetted Paylocity in taking and controlling the wages.

81. As a consequence of Defendants' intentional conduct, at least some members of the Wisconsin Class were deprived of the possession and use of their wages and other compensation and suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on their own behalf and on the behalf of the Classes, request the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a Fed. R. Civ. P. 23(b)(3) class action on behalf of the proposed Wisconsin Class;

c) An order designating Representative Plaintiffs as representatives of the Wisconsin Class;

d)  Leave to add additional plaintiffs to the FLSA Class by filing of their written consent forms, or any other method approved by the Court;

e)  Issuance of an order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§221-2202, declaring Defendants' actions as described herein to be unlawful and in violation of Wisconsin law;

f)  An order finding that Defendants violated the FLSA and Wisconsin wage and hour laws;

g)  An order finding that these violations were willful, dilatory, and unjust;

h)  The entry of judgment against Defendant, jointly and severally, in the amount equal to Plaintiffs', the FLSA Class's, and the Wisconsin Class's unpaid minimum wages;

i)  An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

j)  An award of punitive damages against Defendants for conversion;

k)  An award in the amount of all costs, expenses, and attorneys' fees incurred in prosecuting Plaintiffs' and the Classes' claims; and

l)  Such other and further relief as the Court deems just.

Dated March 22, 2017.

Respectfully submitted,

*s/ Larry A. Johnson*
Larry A. Johnson
Bar Number 1056619
ljohnson@hq-law.com
Hawks Quindel, S.C.
222 E. Erie St., Suite 210
Milwaukee, WI 53201
(414) 271-8650 Tel
(414) 271-8442 Fax

 *s/Marni Willenson*
Marni Willenson

Bar Number 1066779  
marni@willensonlaw.com  
Willenson Law, LLC  
542 S. Dearborn St., Suite 610  
Chicago, IL 60605  
(312) 508-5380 Tel  
(312) 508-5382 Fax